FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 22, 2017

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL LAAK,<br><br>   Plaintiff,<br><br>  v.<br><br>QUICK COLLECT, INC., and JESSE CONWAY,<br><br>   Defendants. | NO: 2:16-CV-418-RMP<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendants' Joint Motion for Summary Judgment, ECF No. 17. Robert Coleman and George Pitcher represent the Defendants. Joshua Trigsted represents Plaintiff. The Court has reviewed the motion and record, has heard arguments from counsel, and is fully informed.

## BACKGROUND

Plaintiff Paul Laak alleges that Defendant Quick Collect, Inc., and Defendant Jesse Conway violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692g, by failing to "effectively convey the disclosure requirement required by 15 U.S.C. § 1692g(a)." ECF No. 1, ¶ 10. Defendants move for summary judgment as a

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

matter of law contending that they complied with 15 U.S.C. § 1692g(a). ECF No. 17. Defendants argue in the alternative that, even if Defendants had violated the FDCPA, Mr. Laak's claims against both Quick Collect and Conway are barred by the FDCPA's statute of limitations provision. *Id.* at 8.

Mr. Laak's claims arise out of a debt that Quick Collect began attempting to collect from Mr. Laak in 2001. ECF No. 17 at 2. On October 12, 2001, Quick Collect sent a formal FDCPA validation notice to Mr. Laak as part of Quick Collect's initial communication with Mr. Laak regarding the debt at issue. *Id.* The October 12, 2001, FDCPA validation notice contained all of the information required by § 1692g(a) of the FDCPA, including the total amount of the debt and the name of the original creditor. *Id.*

Quick Collect obtained a default judgment against Mr. Laak in Lincoln County, Oregon, in 2002. *Id.* at 3. In 2011, the judgment was renewed for an additional ten years. *Id.* In 2016, Quick Collect continued their collection attempt on the judgment via garnishment. *Id.* Jesse Conway, acting as Quick Collect's attorney, sent garnishment papers to Mr. Laak and to Mr. Laak's employer. *Id.* The garnishment papers did not include a formal FDCPA validation notice. *Id.*

Mr. Laak claims that Conway violated the FDCPA by failing to send a FDCPA validation notice within five days of Conway's serving Mr. Laak with the garnishment papers in 2016. ECF No. 1 at 2-4. Mr. Laak also alleges that Quick Collect should be held vicariously liable for Conway's alleged violation. ECF No.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 2

21 at 1. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as a civil action arising under the laws of the United States, because Mr. Laak alleges violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692g.

## DISCUSSION

### *Legal Standard for Summary Judgment*

A court may grant summary judgment where "there is no genuine dispute as to any material fact" of a party's prima facie case, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-33 (1986); *see also* Fed. R. Civ. P. 56(c).

The parties agree, and the record reflects, that there is no genuine dispute regarding the material facts of this case. Mr. Laak's claims are based solely on the garnishment papers that he received from Conway in 2016. Conway acknowledges that he did not send a FDCPA validation notice to Mr. Laak with the garnishment papers in 2016. ECF No. 17 at 3.

The Court needs to determine as a matter of law whether the FDCPA requires a validation notice to be sent by an attorney acting as an agent for a debt collection agency that previously sent a compliant FDCPA validation notice regarding the same debt.

/ / /

/ / /

*FDCPA Requirements*

The FDCPA provision at issue, 15 U.S.C. § 1692g(a), requires debt collectors to send a notice about challenging the validity of the debt to the consumer within five days of the debt collector's initial communication. Section 1692g(a) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> (a) the amount of the debt;
> (b) the name of the creditor to whom the debt is owed;
> (c) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (d) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (e) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

The purpose of the validation notice requirement in 15 U.S.C. § 1692g(a) "is to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Perry v. Columbia Recovery Group, LLC*, 2016 U.S. Dist. LEXIS 145093, *25 (W.D. Wash. Oct. 19, 2016) (quoting S. Rep. No. 95-382, at 4 (1977), *as reprinted in* 1977 U.S.C.C.A.N. 1695, 1699).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 4

The Ninth Circuit has held that "the phrase 'initial communication' refers to the first communication sent by any debt collector, including collectors that contact the debtor after another collector already did." *Hernandez v. Williams*, 829 F.3d 1068, 1070 (9th Cir. 2016). The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

The FDCPA defines a "debt collector" as "any person who uses . . . the mails in any business the principal purpose of which is the collection of debts or attempts to collect, directly or indirectly, debts owed or due . . . another." 15 U.S.C. § 1692a(6). The Ninth Circuit has held that "the FDCPA applies to attorneys engaged in 'purely legal activities' and thus covers the filing of an application for a writ of garnishment." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 951 (9th Cir. 2011) (quoting *Fox v. Citicorp Servs.*, 15 F.3d 1507, 1511-12 (9th Cir. 1994)). The United States Supreme Court also held that the FDCPA "applies to the litigating activities of lawyers" engaged in debt collection activities. *Heintz v. Jenkins*, 514 U.S. 291, 294-99 (1995).

### *FDCPA's Application to Defendant Quick Collect*

Mr. Laak initially alleged that Quick Collect had violated the FDCPA. *See* ECF No. 1. At oral argument, Mr. Laak conceded that he cannot maintain a direct FDCPA violation claim against Quick Collect. Even if Mr. Laak had not conceded his direct claim, the Court finds that Quick Collect complied with the validation

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 5

notice requirements in FDCPA in its initial communication to Mr. Laak in 2001. In addition, the statute of limitations for bringing a FDCPA claim is one year. 15 U.S.C. § 1692k(d). Mr. Laak did not file his claim against Quick Collect until 2016, fourteen years after the expiration of the statute of limitations in 2002, the relevant date for a direct claim against Quick Collect. Therefore, the Court concludes that Mr. Laak's direct claim against Quick Collect fails and grants Quick Collect's motion for summary judgment as to Mr. Laak's direct FDCPA claim.

However, "under the FDCPA, a debt collector may be found vicariously liable for the conduct of its attorney." *Fox*, 15 F.3d at 1516. Both parties concede that Conway was acting as Quick Collect's attorney and agent.[1] ECF No. 17 at 3; ECF No. 21 at 2. Therefore, the next issue regarding Quick Collect's liability is whether Quick Collect is vicariously liable for Conway's conduct.

### *FDCPA's Application to Defendant Conway*

Mr. Laak alleges, and Defendants do not dispute, that Conway did not send a FDCPA validation notice that complied with § 1692g(a) when Conway sent the garnishment papers to Mr. Laak in 2016. The parties do dispute whether the

---

[1] For purposes of Defendants' motion, Plaintiff admits all of the facts included in Defendants' statement of facts, ECF 21 No. at 2, which includes "On June 7, 2016, Mr. Conway, acting as Quick Collect's agent and attorney, sent garnishment papers to plaintiff and plaintiff's employer." ECF No. 17 at 3.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 6

FDCPA validation notice requirement applies to an attorney acting as an agent for a debt collector, as Conway is in this case.

An attorney may be a debt collector subject to the requirements of the FDCPA. *See, e.g.*, *Fox*, 15 F.3d at 1513. Attorneys engaged in purely legal activities in the course of debt collection, including the filing of an application for a writ of garnishment, are subject to the FDCPA. *See McCollough*, 637 F.3d at 951; *Heintz*, 514 U.S. at 299 ("[T]he Act applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation."). Attorneys involved in the collection of a debt on behalf of a client debt collector also are subject to the FDCPA. *See Fox*, 15 F.3d at 1512-13.

Mr. Laak argues that although Conway was acting on behalf of Quick Collect, Conway also was acting as a debt collector, and the garnishment papers were Conway's initial communication with Mr. Laak and, consequently, subject to the requirements of § 1692g(a). ECF No. 21 at 4-6. Mr. Laak relies on an Oregon district court case, *Adams v. David B. Schumacher, PC*, to support his argument that an attorney sending a writ of garnishment on behalf of a debt collector is also a debt collector and that a writ of garnishment can be an initial communication. *Adams v. David B. Schumacher, PC*, 2014 U.S. Dist. LEXIS 170075, at *4-6 (D. Or. Dec. 9, 2014).

In *Adams*, the defendant attorney sent a writ of garnishment and an initial FCPCA validation notice together in his first communication on behalf of a debt

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 7

collector, and the court found that the writ of garnishment was an initial communication. *Adams*, 2014 U.S. Dist. LEXIS 170075, at *11. The Magistrate Judge found that the defendant attorney was subject to the validation notice requirements under the FDCPA, but also that the defendant attorney had met those requirements. *Id.* at 5. The conclusion in *Adams* is not binding on this Court, nor does it consider the issue before the Court in this matter. In *Hernandez*, the leading Ninth Circuit case regarding FDCPA debt collector initial communication liability, the court held that "the FDCPA unambiguously requires any debt collector—first or subsequent—to send a § 1692g(a) validation notice within five days of its first communication with a consumer in connection with the collection of any debt." *Hernandez*, 829 F.3d at 1081.

The Court recognizes that Conway could be deemed a debt collector, and if Conway was acting as a first or subsequent debt collector, then he would be subject to the FDCPA requirements regarding initial communications. If Conway was acting as a first or subsequent debt collector, the garnishment papers that he sent to Mr. Laak in 2016 would be his initial communication with Mr. Laak and subject to the validation notice requirements of § 1692g(a). However, it is undisputed that Conway was not the first debt collector for the debt at issue here, where Quick Collect initiated debt collection efforts in 2001.

Defendants argue that because Conway was acting as Quick Collect's attorney and agent to collect the same debt, he also was not a subsequent debt collector and,

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 8

therefore, that the garnishment papers were not Defendants' initial communication with Mr. Laak for FDCPA purposes. ECF No. 17 at 6. Mr. Laak contends that, regardless of Conway's role as Quick Collect's agent, Conway is a subsequent debt collector pursuant to *Hernandez* and that the garnishment papers sent to Mr. Laak in 2016 qualify as an "initial communication" under § 1692g(a). ECF No. 21 at 4-6.

The Restatement of Agency defines agency as "the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." Restatement (Third) of Agency § 1.01 (2006). "For an agency relationship to exist, an agent must have authority to act on behalf of the principal and '[t]he person represented [must have] a right to control the actions of the agent.'" *Mavrix Photographs, LLC v. LiveJournal, Inc.*, 853 F.3d 1020, 1029 (9th Cir. 2017) (quoting Restatement (Third) Of Agency § 1.01 cmt. c). These agency principles have been incorporated into federal common law. *Id.* at 940.

The U.S. Supreme Court has held that "[t]he relationship between client and attorney, regardless of the variations in particular compensation agreements or the amount of skill and effort the attorney contributes, is a quintessential principal-agent relationship." *Comm'r v. Banks*, 543 U.S. 426, 436 (2005). "Even where the attorney exercises independent judgment without supervision by, or consultation with, the client, the attorney, as an agent, is obligated to act solely on behalf of, and

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 9

for the exclusive benefit of, the client-principal, rather than for the benefit of the attorney or any other party." *Id.*

Both parties concede that Conway was acting as Quick Collect's agent. ECF No. 17 at 3; ECF No. 21 at 2. There is no dispute that Conway sent the garnishment papers to Mr. Laak in 2016 on behalf of Quick Collect. The garnishment papers clearly stated that Quick Collect was the creditor and collector of the debt, and that Conway was an attorney. ECF No. 19-1. Therefore, the Court finds that Conway was an attorney acting as Quick Collect's agent in sending the garnishment papers to Mr. Laak in 2016.

The next issue is whether an attorney acting as an agent for a debt collection agency that already had sent a FDCPA validation notice to the debtor is required to meet the validation notice requirements of §1692g(a) when contacting the debtor again about the same debt. This issue is one of first impression.

In *Hernandez*, the Ninth Circuit expressly noted it did not address the issue. *Hernandez*, 829 F.3d at 1071 n.1. The *Hernandez* Court states in footnote one that because it had not been argued before the district court, the appeals court need not address the issue of whether the defendant law firm was exempt from § 1692g(a)'s requirements because it was acting as an agent for a debt collector. *Hernandez*, 829 F.3d at 1071 n.1.

Courts interpreting the application of the FDCPA consider "the FDCPA's declared purpose of protecting consumers from abusive debt collection practices."

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 10

*Id.* at 1078. "As a 'broad remedial statute,' the FDCPA must be liberally construed in favor of the consumer in order to effectuate this goal of eliminating abuse." *Id.* at 1078-79 (quoting *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060 (9th Cir. 2011)).

In *Hernandez*, the court was concerned with the passing of debts between a series of new debt collectors without additional validation notices to allow consumers the opportunity to challenge the validity of the alleged debt as proffered by each debt collector. *Hernandez*, 829 F.3d at 1077. Considering the purpose of the FDCPA, the *Hernandez* court held that any subsequent debt collector must send a validation notice to a consumer within five days of the debt collector's initial communication. *Id.* at 1081.

In this case, Conway is acting as an agent for a principal debt collector that had complied previously with the FDCPA validation notice requirements. The analogy of a relay race illustrates the specific circumstances of this particular principal-agent relationship. In the context of the FDCPA's validation notice requirements, a compliant notice sent by a debt collector begins the debt collection event for the purposes of the notice requirement. In the same way as a relay runner hands the baton to a teammate to continue the race, a debt collector may authorize its agent to undertake certain actions, including communications with a consumer. Both the principal debt collector and its agent must comply with the FDCPA rules relevant to their conduct, but the same debt collection event continues and there is

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 11

no language in the statute that requires additional validation notices once the debt collection event for that debt has begun. If the principal debt collector were to transfer the debt to another debt collector, the first debt collection process would end, and the subsequent debt collector would be required to begin a new collection debt process, including sending a validation notice that complies with § 1692g(a), as the *Hernandez* court held.

Mr. Laak argues that the principal-agent relationship encompasses every debt collector that operates as a contractor for any creditor. *Id.* at 3-4. He argues that because of the sweeping scope of the principal-agent relationship, it would be absurd to conclude that "a debt collector's status as an 'agent' has any bearing whatsoever on whether the FDCPA applies to that person." ECF No. 21 at 4. Mr. Laak contends that agents of debt collectors are subject to the subsequent debt collector validation notice requirements of the FDCPA concerning initial communications, and argues that whether Conway acted as an agent of Quick Collect is not dispositive of whether the FDCPA applies to Conway. ECF No. 21 at 3-7.

Mr. Laak posits an example in which a credit card company hires a debt collection agency to collect a debt for the credit card company. ECF No. 21 at 4. Mr. Laak contends that the debt collection agency would be acting as an "agent" of the principal, the credit card company. *Id.* Mr. Laak posits that it would be "absurd" to exempt agents, such as the debt collection agency in his hypothetical, from the FDCPA. *Id.* at 4. Mr. Laak argues that "[a]ttorneys litigating a debt are no

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 12

more or less 'agents' of a creditor than a normal debt collector is who has not purchased the debt themselves.'" [2] ECF No. 21 at 3.

However, Mr. Laak's hypothetical and argument are inapposite to Conway's situation in this case. Defendants contend, and Mr. Laak has conceded for purposes of this motion, that Conway is an agent of Quick Collect, a debt collection agency, not an agent of the creditor, as Mr. Laak argues in his hypothetical. The debt collection process governed by the FCPCA began with Quick Collect's communication to Mr. Laak in 2001, which complied with the validation notice requirement § 1692g(a). Quick Collect obtained a default judgment against Mr. Laak in 2002. Quick Collect, the principal debt collector, directed Conway, its agent, to proceed with a writ of garnishment in 2016. The debt collection process

---

[2] Mr. Laak appears to consider creditor and debt collector synonymous for the purposes of his argument. The FDCPA requirements apply to debt collectors collecting debts owed or due another, as distinct from creditors, who offer or extend "credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a. Under the FDCPA, the term "creditor," does not include "any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." *Id.* Therefore, while debt collectors are subject to the validation notice requirements of § 1692g(a), creditors are not.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 13

was continued, not commenced anew, by Conway's service of the garnishment papers in 2016.

Mr. Laak already had received all FDCPA-required notice as of 2001 when he was initially contacted by Quick Collect. A second validation notice accompanying the garnishment papers in 2016 would not have served the purposes §1692g(a), because Mr. Laak already had been given notice of the amount of the debt and his rights, and an opportunity to contest the debt, which are the purposes of the validation notice. *See Hernandez*, 829 F.3d at 1077.

The Court finds that Conway, as an agent of Quick Collect, was not required to send another compliant validation notice, because Quick Collect already had sent a compliant validation notice about the debt, and Conway was acting as Quick Collect's agent, rather than as a subsequent debt collector, to collect the same debt. There is no significant difference between Conway's actions as an agent in this situation and an employee of Quick Collect. Even Mr. Laak concedes that "it would be equally absurd if, say, each separate employee of a single debt collector were required to send its own letter in its own name every time it contacted a debtor, even if those individual employees could qualify as 'debt collectors' under the FDCPA's definition, and many times such employees would." ECF No. 21 at 4.

The Court concludes that a second validation notice by Conway, as agent for a debt collection principal, was not required and would not have served the purpose of the FDCPA. Therefore, the Court finds that Defendants did not violate the FDCPA

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 14

validation notice requirements under §1692g(a) and are entitled to judgment as a matter of law.

*Statute of Limitations*

Alternatively, Defendants argue that even if Defendants violated the FDCPA, Mr. Laak's claims are time-barred by the FDCPA's statute of limitations rule. Having found that summary judgment is appropriate for all Defendants on all claims, the Court declines to address the statute of limitations argument.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.
2. The Court dismisses all of Plaintiff's claims against all Defendants **with prejudice**.
3. Any pending motions are dismissed.
4. The Clerk is directed to enter **Judgment for the Defendants**.

The District Court Clerk is directed to enter this Order, provide copies to counsel, and **close this case**.

**DATED** December 22, 2017.

                      *s/ Rosanna Malouf Peterson*
                      ROSANNA MALOUF PETERSON
                         United States District Judge